**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| ABRAHAM H. CARR,<br>      *Plaintiff*,<br>v.<br><br>WALTER V. WENDLER, in his individual capacity and official capacity as the President of West Texas A&M University;<br><br>GLENN HEGAR in his official capacity as Chancellor of The Texas A&M University System;<br><br>ROBERT L. ALBRITTON, JAY C. GRAHAM, DAVID C. BAGGETT, JOHN W. BELLINGER, JAMES R. BROOKS, MICHAEL A. HERNANDEZ, III, WILLIAM MAHOMES, KELLEY SULLIVAN GEORGIADES, and R. SAM TORN, in their official capacities as members of THE TEXAS A&M UNIVERSITY SYSTEM BOARD OF REGENTS<br><br>NEIL W. TERRY, in his individual capacity and official capacity as Executive Vice Vice President of Academic Affairs and Provost, West Texas A&M University;<br><br>AMJAD ABDULLAT, in his individual capacity and official capacity as Dean of the Paul and Virginia Engler College of Business, West Texas A&M University;<br><br>JEFFRY S. BABB, in his individual capacity and official capacity as Associate Dean of the Paul and Viginia Engler College of Business, West Texas A&M University<br><br>ROBERT A. KING, in his individual capacity and official capacity as Associate Dean of the Paul and Virginia Engler College of Business, West Texas A&M University,<br>      *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:25-cv-00272 |

1

**DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT**

**TO THE HONORABLE JUDGE MATTHEW J. KACMARYK**:

Defendants Walter V. Wendler, in his individual capacity and official capacity as the President ("President Wendler") of West Texas A&M University ("WTAMU"), Glenn Hegar in his official capacity as Chancellor of The Texas A&M University System ("TAMU") ("Chancellor Hegar"), Robert L. Albritton, Jay C. Graham, David C. Baggett, John W. Bellinger, James R. Brooks, Michael A. Hernandez, III, William Mahomes, Kelley Sullivan Georgiades, and R. Sam Torn, in their official capacities as members of TAMU System Board of Regents (collectively "the Board"), Neil W. Terry, in his individual capacity and official capacity as WTAMU Executive Vice President of Academic Affairs and Provost ("Provost Terry"), Amjad Abdullat, in his individual capacity and official capacity as Dean ("Dean Abdullatif") of the Paul and Virginia Engler College of Business ("PVECOB"), WTAMU; Jeffry S. Babb, in his individual capacity and official capacity as the Associate Dean of the PVECOB ("Associate Dean Babb"); and Robert A. King in his individual capacity and official capacity as the Associate Dean of the PVECOB ("Associate Dean King"), file this reply in support of their Motion to Dismiss. Dr. Carr does not state a claim upon which relief can be granted, nor can he overcome Defendants' immunities under the law.

First and foremost, Dr. Carr cannot rely on facts outside the four corners of the complaint to assess whether to grant a Motion to Dismiss. *Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011). The Court must disregard the additional facts presented in the response to the Motion to Dismiss and only consider what is in the Complaint (Dkt. 3) to make its determination. As is clear from the complaint itself, Dr. Carr makes fantastical logical leaps to connect an anonymous

comment, heard through the proverbial grapevine, to his nonrenewal. He does not state any facts that identify what actions each individual defendant took that could be considered a constitutional violation.

## I.     Dr. Carr does not address Defendant's Motion and affirmatively agrees that certain claims be dismissed.

Dr. Carr does not respond to Defendants' argument related to his harassment and retaliation claims under Title VII. Nor does he address the fact that he seeks remedies unavailable to him. He also does not counter Defendants President Wendler and the Board Defendants's note that the Complaint is devoid of facts that connect any action they took related to Dr. Carr that violated federal law. Failure to pursue a claim in response to a Motion to Dismiss constitutes abandonment of said claim. *Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)). In addition, Dr. Carr affirmatively withdrew the claim for violations of the Equal Protection clause. Therefore, the Court should, at a minimum grant Defendants' Motion as it relates to those claims, and they should be dismissed with prejudice.

## II.     Dr. Carr cannot overcome qualified immunity to survive a 12(b)(1) challenge.

Dr. Carr sidesteps the core issue of Defendants' qualified immunity defense—there is no factual pleading of what Provost Terry, Dean Abdullat, Associate Dean Babb, and Associate Dean King, each individually did to violate Dr. Carr's free speech or procedural due process rights. This is required to bring suit against them in their individual capacities. *See Morin v. Caire,* 77 F.3d 116, 120 (5th Cir. 1996) ("Public officials are entitled to qualified immunity from suit under § 1983 unless it is shown by *specific allegations* that the officials violated clearly established law.") (emphasis added). The factual pleadings contained in the Complaint are vague and contain no action that can be directly imputed onto Provost Terry, Dean Abdullat, Associate Dean Babb, or Associate Dean King.

Even taking the facts Dr. Carr includes in his response into account, all Dr. Carr alleges is that Dean Abdullat may have overheard his conversation with President Wendler and that Associate Dean Babb and Associate Dean King were in a meeting with senior faculty where the decision to nonrenew him. To be plausible, the court must impermissibly assume 1) that Dean Abdullat did, in fact, overheard the conversation, 2) he told Associate Dean Babb and Associate Dean King about the conversation, 3) Associate Dean Babb and Associate Dean King relayed said conversation in the meeting, 4) that everyone in the meeting, including Associate Dean Babb and Associate Dean King, had retaliatory intent and the conversation was the reason for his nonrenewal, and 5) Provost Terry was also informed of the conversation and had retaliatory intent As a result, the claims against Provost Terry, Dean Abdullat, Associate Dean Babb, and Associate Dean King in their individual capacities are barred by qualified immunity.

Additionally, even if the claims are not barred by immunity, Dr. Carr does not state any plausible claims.

### III.    Dr. Carr does not state a claim for free speech retaliation.

Dr. Carr does not state a claim for free speech retaliation and it should be dismissed. Dr. Carr has plead no facts in his complaint that his speech involved a matter of public concern. Whether speech is a matter of public concern is a question of law for the court. *United States Dep't of Justice v. Fed. Labor Relations Auth.,* 955 F.2d 998 (5th Cir. 1992). Again, the Court cannot consider the additional facts Dr. Carr included in his response. Taking the four corners of the Complaint, Dr. Carr merely alleges that he "supported" President Wendler in an amorphous time after the WTAMU faculty entered a vote of no confidence against him. Dr. Carr cannot reasonably say that this speech was not in his capacity as an employee of WTAMU, let alone a matter of public concern.

4

Even taking the factual allegations in the response into account, Dr. Carr's claims still fail, as he still spoke as an employee on a matter of personal interest. *Stephens v. City of Austin & Art Acevedo* is instructive. In *Stephens*, a former employee of the City of Austin sued for violation of her free speech rights after she was terminated. In upholding that her speech was not on a matter of public concern, the Court noted "even when a public employee's speech relates to a topic of public interest, as is often the case in the public employment setting, it is not considered to be on a 'matter of public concern' if the speaker spoke as an employee rather than as a citizen." *Id.* (citing *Harris v. Pontotoc County. Sch. Dist.*, 635 F.3d 685, 692 (5th Cir. 2011). The plaintiff in *Stephens* noted that there was media attention on the issues in her matter, and she contended that this was sufficient to show that it was a matter of public concern entitling her to free speech protection. *Id.* at * 43. The Court rejected such a notion. *Id.* at * 43-44.

As in *Stephens*, while Dr. Carr may have spoken on a matter that was heavily covered by the media—President Wendler's decision to let drag shows occur on campus—he still spoke as an employee. He spoke to President Wendler encouraging him to continue university policy and his disagreement with his fellow employees over said university policy. Dr. Carr disagreed with his fellow employees' decision to hold the vote of confidence and wanted to show his opposition to what his fellow employees did. Dr. Carr has not plead that he spoke on a matter of public concern predominantly as a citizen, and his claim must be dismissed.

Further, the fact that Dean Abdullat allegedly heard this exchange does not change the fact that Dr. Carr concludes without any factual pleading to support it that the exchange caused the nonrenewal. As outlined in Section II, this requires immense speculation in order to be plausible, and does not survive a 12(b)(6) challenge.

IV.    **Dr. Carr cannot be permitted to vaguely plead a "Right to be Free From Unconstitutional Conditions."**

Dr. Carr claims Defendants did not challenge his nebulous claim for violations of the "right to be free from unconstitutional conditions" and therefore it must go forward. Dr. Carr ignores the footnote in the Motion to Dismiss noting that Defendants do challenge Count II but cannot understand the basis for the pleading. In the response, Dr. Carr cites *Planned Parenthood Ass'n of Hidalgo Cty. Tex., Inc. v. Suehs*, 692 F.3d 343 (5th Cir. 2012) as the legal basis for this count. The Fifth Circuit used this phrase in the context of restrictions on free speech, not as a separate cause of action:

> The United States Supreme Court has long recognized that the First Amendment prohibits not only direct burdens on speech, but also indirect burdens that are created when the government conditions receipt of a benefit on foregoing constitutionally-protected speech. This principle, known as the unconstitutional conditions doctrine, acknowledges that the government, having no obligation to furnish a benefit, nevertheless cannot force a citizen to choose between a benefit and free speech…. Such a choice will tend to penalize a constitutionally-protected right.

*Id* at 348-49 (internal citations omitted). Federal Rule of Civil Procedure 8(e) requires pleadings to be construed to do justice. Dr. Carr cannot be permitted to have such a vague pleading move forward, particularly when it is not a separate cause of action, but a subset of his First Amendment claim. As a result, this claim should be seen as a subset of the First Amendment retaliation claim and dismissed for the same reasons as Sections II and III above.

V.    **Dr. Carr does not plead a viable claim for procedural due process violations.**

Dr. Carr does not plead a plausible due process claim. Dr. Carr's citations to the appendix show only half the picture. While it is true that faculty members may be terminated "for cause" under Dr. Carr's delineated conditions, he ignores that non-tenured faculty can be non-renewed for any reason. Non-tenured faculty, even on the tenure track, are subject to one-year appointments.

6

He had no protected liberty interest in his continued employment. Without a protected liberty interest, there is no requirement for due process. *See* Hillis v. Stephen F. Austin State Univ., 665 F.2d 547, 52-53 (5th Cir. 1982) (dismissing a claim for violations of procedural due process when professor was granted a hearing and the faculty committee found no violation of academic freedom, noting "a nontenured teacher may be fired for any reason or for no reason at all….")

Additionally, Dr. Carr has been granted due process despite no protected liberty interest at issue. He was granted multiple hearings, and the final panel agreed that his nonrenewal was appropriate. Dr. Carr's claim for violations of his procedural due process rights must be dismissed.

## VI.    Dr. Carr does not state a claim for breach of contract.

Dr. Carr alleges that his appointment letter constitutes a valid, enforceable contract. The letter explicitly states that his terms of employment were subject to "annual review." It was also subject to the faculty handbook, which, as outlined above, notes that nontenured faculty's appointments are subject to yearly renewal. The language Dr. Carr relies on regarding the "three-year faculty development and start up package" was explicitly *tentative.* To argue that a term that is explicitly tentative makes a document a valid binding contract is contrary to black letter contract law. *T.O. Stanley Boot Co. v. Bank of El Paso,* 847 S.W.2d 218, 221 (Tex. 1992) Even if this were a valid, enforceable contract, none of the named Defendants are parties to said contract, nor can they be considered third party beneficiaries for Dr. Carr to bring suit. The claim for breach of contract must be dismissed.

## VII.    Dr. Carr does not state a claim for religious discrimination.

Dr. Carr does not state a claim for religious discrimination. Individuals simply cannot be held liable under Title VII in either their individual or official capacities. *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002). Attempting to hold any Defendant liable in either capacity under

Title VII, as Dr. Carr does here, is impermissible as a matter of law. In addition, Dr. Carr's barebones pleading asks the Court to make the impermissible leap that the alleged "sexist Mormon" comment was made by a decisionmaker and that it in fact influenced any nonrenewal decision. Dr. Carr's claim for religious discrimination must be dismissed.

## **PRAYER**

Defendants therefore respectfully request this court GRANT the Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ Stephanie A. Criscione Houser /s/*
**STEPHANIE A. CRISCIONE HOUSER**
Assistant Attorney General
Texas Bar No. 24109768
Office of the Attorney General
P.O. Box 12548 Capitol Station
Austin, Texas 78711-25848
(512) 475-4104 | Fax: (512) 320-0667
Stephanie.Criscione@oag.texas.gov
**LEAD COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that that on <u>April 24, 2026</u>, this document was filed electronically via the Court's electronic filing system, causing electronic service upon all counsel of record.

*/s/ Stephanie A. Criscione Houser /s/*
**STEPHANIE A. CRISCIONE HOUSER**
Assistant Attorney General
Lead Counsel for Defendant
