IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

ABRAHAM H. CARR,

      Plaintiff,

v.                                                                    2:25-CV-272-Z

WALTER V. WENDLER, *et al.*,

      Defendants.

## ORDER

Before the Court is Plaintiff's Unopposed Motion for Leave to File Amended Complaint ("Motion to Amend"), filed April 10, 2026. ECF No. 12. For the reasons stated in Section I herein, the Motion to Amend (ECF No. 12) is **GRANTED**.

Also before the Court is Defendants' Motion to Dismiss, filed March 6, 2026. ECF No. 6. Plaintiff responded on April 10, 2026. ECF No. 10. Defendants replied on April 24, 2026. ECF No. 14. For the reasons stated in Section II herein, Defendants' Motion to Dismiss (ECF No. 6) is **DENIED as moot**, without prejudice to refiling.

### I. Motion for Leave to File Amended Complaint (ECF No. 12)

Federal Rule of Civil Procedure 15(a) governs amended pleadings before trial. When pleadings cannot be amended as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave [to amend] when justice so requires." *Id.* "[Rule 15(a)(2)] evinces a bias in favor of granting leave to amend." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) (Wisdom, J.). Thus, courts should grant leave to amend absent a substantial reason not to. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (finding district court erred in not *vacating its judgment* to allow amendment of complaint). Some substantial reasons not to allow amendment are "undue delay, bad faith or dilatory motive[,] . . . repeated

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party[,] . . . [and] futility of amendment." *Id.*; *see also Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). "[A]bsent a substantial reason . . . the discretion of the district court is not broad enough to permit denial." *Mayeaux*, 376 F.3d at 425 (internal marks omitted).

The Court discerns no substantial reason to deny Plaintiff's Motion to Amend. There is no undue delay—the Motion was filed early in this litigation, just over one month after the Defendants' Motion to Dismiss. Further, the Court sees no evidence of bad faith, and because this is the first amendment there is no "repeated failure to cure deficiencies." *Foman*, 371 U.S. at 182. Perhaps most importantly, the Motion is unopposed. ECF No. 12 at 3. Thus, it is unlikely that Defendants face undue prejudice by allowing amendment. For these reasons, Plaintiff's Motion to Amend is **GRANTED**.

## II. Motion to Dismiss (ECF No. 6)

An amended complaint replaces the original complaint. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Thus, "[t]he filing of an amended complaint, in most instances, moots a previously filed motion to dismiss." *Hill v. Bedrock Funding LLC*, 506 F. Supp. 3d 442, 444 n.2 (W.D. Tex. 2020); *see also Intercurrency Software LLC v. Foris DAX Asia PTE. LTD.*, No. 2:23-CV-361, 2025 WL 364076, at *1 (E.D. Tex. Jan. 31, 2025) (citing *Griffin v. Am. Zurich Ins. Co.*, 697 F. App'x 793, 797 (5th Cir. 2017)) ("It is well established that a later-filed amended pleading moots a Rule 12 motion challenging an earlier-filed pleading."). But a court *can* consider an earlier-filed motion to dismiss as directed toward the amended complaint, particularly if the defects raised in the original motion remain in the new pleading. *See Rountree v. Dyson*, 892 F.3d 681, 683–84 (5th Cir. 2018).

Here, Defendants replied in support of their original Motion to Dismiss *after* Plaintiff filed—and Defendants did not oppose—the Motion to Amend. ECF No. 14. It is unclear whether Defendants did so only in an abundance of caution, or if they meant the Court to consider their Motion to Dismiss a challenge to the Amended Complaint. Regardless, the Court finds that the Court will benefit from new briefing if Defendants still intend to pursue a Motion to Dismiss. While some of the alleged deficiencies seem to remain, Plaintiff has removed at least one count and added at least one Defendant. *Compare* ECF No. 3 at 2, 19–20, *with* ECF No. 12 at 2, 17–21 (Equal Protection claim removed and West Texas A&M University added as Defendant). Rather than the Court sorting through which arguments apply to the Amended Complaint and which do not, the parties should present their relevant arguments–and any new arguments—to the Court. Accordingly, Defendants' Motion to Dismiss (ECF No. 6) is **DENIED as moot** without prejudice to refiling a Motion to Dismiss challenging the Amended Complaint.

CONCLUSION

For the reasons above, Plaintiff's Motion to Amend (ECF No. 12) is **GRANTED.** Plaintiff is **ORDERED** to file his proposed Amended Complaint (currently included in the same PDF as the Motion to Amend) as a separately filed Amended Complaint **promptly, but no later than Monday, July 6, 2026 at 5:00 p.m. (CDT).**[1]

Further, for the reasons above, Defendants' Motion to Dismiss (ECF No. 6) is **DENIED as moot**. Defendants may file a new motion to dismiss challenging the Amended Complaint.

---

[1] For purposes of Defendants' response deadline, the Amended Complaint is considered filed as of the date of this Order. *See* N.D. TEX. LOC. R. 15.1(b). Defendants' responsive pleading (or Rule 12 motion) is thus due within fourteen days of the date of this Order. *See* FED. R. CIV. P. 15(a)(3). Because the content of Plaintiff's Amended Complaint is available (ECF No. 12), Defendants are not prejudiced by any delay in Plaintiff separately filing his Amended Complaint.

**SO ORDERED.**

July 2, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE